IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


PENNY GRAY,                                  Civ. No. 08-6245-AA

       Plaintiff,                        OPINION AND ORDER

   v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.
_____

Alan Stuart Graf
P.O. Box 98
Summertown, TN 38483
    Attorney for plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Stephanie R. Martz
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington  98104-7075
    Attorneys for defendant


1    - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits. For the reasons set forth below, the Commissioner's decision is reversed and remanded for further administrative proceedings.

## BACKGROUND

On May 24 and 25, 2004, plaintiff filed applications for SSI and DIB, respectively, alleging disability since January 1997 due to fibromyalgia, post-traumatic stress disorder, irritable bowel syndrome, chronic anxiety, chronic kidney infection, insomnia, and back pain. Tr. 16, 105. Plaintiff's date last insured for DIB purposes was December 31, 2000. Tr. 16.

Plaintiff's applications were denied initially and on reconsideration. Tr. 16. After timely requesting a hearing, plaintiff, a medical expert and a vocational expert appeared and testified before an administrative law judge (ALJ) on May 8, 2007 and February 11, 2008. Tr. 16, 1138-94. On March 26, 2008, the ALJ issued a decision finding that plaintiff was not disabled within the meaning of the Act at any time since her alleged onset date. Tr. 16-23. The Appeals Council denied plaintiff's request for review, rendering the ALJ's decision the final decision of the

Commissioner. Tr. 7-9. Plaintiff now seeks judicial review.

Plaintiff was forty-three years old as of the date of the ALJ's decision, with an eleventh-grade education and past relevant work as a motel housekeeper and assembler. Tr. 97, 106, 111. Plaintiff claims that the ALJ erred in disregarding her subjective complaints, the opinion of several treating and non-treating physicians, and the lay witness statements of her boyfriend.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th

3    - OPINION AND ORDER

Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The ALJ evaluated plaintiff's allegation of disability pursuant to the five-step sequential process. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(a), 416.920(a). At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability. Tr. 18; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At steps two and three, the ALJ found that plaintiff has "severe" impairments of fibromyalgia, irritable bowel syndrom, mild degenerative disc disease, obesity, asthma, anxiety, depression, borderline IQ, and pain disorder, but that plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 18-21; 20 C.F.R. §§ 404.1520(c) and (d), 416.920(c) and (d).

At step four, the ALJ found that plaintiff retained the residual functional capacity (RFC) to perform light work with no exposure to fumes, dust, or changes in temperature. Tr. 21; 20 C.F.R. §§ 404.1520(e), 416.920(e). Additionally, the ALJ found that plaintiff is precluded from performing complex or detailed tasks, frequent changes in work routines, or working around hazards. Tr. 21.

Based on these RFC findings, the ALJ found that plaintiff could not perform her past relevant work. Tr. 22; 20 C.F.R. §§ 404.1520(f); 416.920(f).

The ALJ proceeded to step five, where the Commissioner bears the burden to establish that the claimant is capable of performing other work that exists in significant numbers in the national economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(g), 416.920(g). Relying on the testimony of the vocational expert, the ALJ found that plaintiff was unable to perform other jobs existing in the national economy, including semiconductor bonder and table assembler. Tr. 22. Accordingly, the ALJ found that plaintiff was not disabled within the meaning of the Act. Tr. 22-23.

## DISCUSSION

Plaintiff argues that the ALJ erred by rejecting her subjective complaints of pain and the opinion of several physicians and by failing to consider the lay witness statements of her boyfriend. Plaintiff argues that if these opinions and statements are credited as true, the Commissioner's decision should be reversed and remanded for payment of DIB and SSI benefits.

## DISCUSSION

### A. Credibility Determination

When a plaintiff produces objective medical evidence of an impairment that reasonably could be expected to produce some degree of pain, "the ALJ may reject the claimant's testimony regarding the

5    - OPINION AND ORDER

severity of symptoms only if he makes specific findings stating clear and convincing reasons for doing so." Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see also Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002). In making these findings, the ALJ may consider objective medical evidence, the claimant's treatment history, daily activities, and work record, and observations of physicians and third parties with personal knowledge about the claimant's functional limitations. Smolen, 80 F.3d at 1284-85. The ALJ may also employ ordinary techniques of credibility evaluation, such as the claimant's reputation for lying and prior inconsistent statements concerning the alleged symptoms. Id.

Here, the ALJ found plaintiff's complaints not credible based on the lack of supporting medical evidence and plaintiff's inconsistent statements of record, including inconsistent statements regarding her limitations prior to 2005, and her reasons for leaving employment in 1997. Tr. 19. The ALJ noted that despite plaintiff's allegations of disability since 1997 due to numerous limitations, plaintiff testified that the only problem she had prior to 2005 was "leg stiffness." Tr. 20, 22, 105, 1149. Similarly, plaintiff reported that she ceased working in 1997 due to pain and other limitations but told medical care providers that she stopped working to become a homemaker and not because of pain issues. Tr. 21, 105, 693. Plaintiff further testified that she stopped working in 1997 because it was "seasonal." Tr. 1146.

The ALJ also noted that in March 2005, Dr. Bassinger, an examining physician, reported that plaintiff arose from a waiting room chair normally, with normal gait and stance, but that her attempts to climb on and off the examining table were accompanied by a "great deal of moaning and slowness." Tr. 19; 581. Dr. Bassinger further found that plaintiff's "degree of reaction to light touch was not within normal limits," that the "degree of moaning and groaning was out of proportion," with "[s]ignificant discrepancy between straight leg raising and sitting," "non-anatomical pain," no fibromyalgia trigger points, and "[m]arked pain magnification." Tr. 19, 583. The ALJ also noted the lack of medical diagnoses or evidence to support plaintiff's reported symptoms. Tr. 19-22.

Given that the ALJ's reasons are supported by substantial evidence in the record, I find no error in her credibility assessment.

B. Medical Evidence

Plaintiff next argues that the ALJ erred in rejecting the opinions and conclusions of five physicians: Dr. Thomas Kern, a treating physician; Dr. Rick Hindmarsh, a treating physician; Dr. Joshua Boyd, an examining psychologist; Dr. Gale Smolen, an examining psychologist; and Dr. Linda Jensen, a non-examining physician.

It is well-established that an ALJ may reject the

7    - OPINION AND ORDER

uncontradicted opinion of a treating or examining physician by providing clear and convincing reasons supported by substantial evidence in the record. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995); Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). If contradicted, the ALJ may reject the opinion with specific and legitimate reasons. Id. Nonetheless, an "ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas, 278 F.3d at 957. Similarly, "[a] physician's opinion of disability premised to a large extent upon the claimant's own accounts of his symptoms and limitations may be disregarded where those complaints have been properly discounted." Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999) (internal quotation marks and citations omitted).

Plaintiff first alleges the ALJ erred by not accepting Kr. Kern's statement that plaintiff has "significant anxiety which contributes to her limited functioning and avoidance of activities." Tr. 681. The ALJ found that plaintiff's anxiety was a severe impairment but noted that plaintiff exhibited no symptoms of anxiety during her consultative examination with Dr. Smolen and was found to have only mild limitations from anxiety by Dr. Boyd. Tr. 20, 578, 974. Therefore, I find no error.

Second, plaintiff cites Dr. Hindmarsh's statement on January

8   - OPINION AND ORDER

8, 2008 that plaintiff was "last able to work in 1997" and "presently totally and permanently physically disabled for any kind of work" based on her fibromyalgia and low back pain. Tr. 1077. The ALJ disregarded this statement because it was based primarily on plaintiff's subjective complaints and exaggeration of symptoms (as noted by Dr. Bassinger), and lacked objective medical foundation. Given Dr. Bassinger's findings, the ALJ's credibility determination, and plaintiff's inconsistent statements of record, I find that the ALJ's rejection of Dr. Hindmarsh's statement is based on legally sufficient reasons. Thomas, 278 F.3d at 957; Morgan, 169 F.3d at 602.

Third, plaintiff alleges error in the ALJ's failure to adopt the Dr. Boyd's statement that plaintiff's ability to concentrate and persist "appears intact, but is likely compromised by exacerbations of pain." Tr. 974. However, the ALJ noted this limitation in her RFC assessment by limiting plaintiff to simple work with no frequent changes in work routines. Therefore, I find no error.

Fourth, plaintiff maintains that the ALJ erroneously rejected the statement of Dr. Smolen that plaintiff was low functioning and should not work "around a lot of people" because of her panic attacks. Tr. 579. However, as the ALJ noted, Dr. Smolen's assessment was supported by plaintiff's self-reports, which were found not credible. Tr. 19; Morgan, 169 F.3d at 602. The ALJ also

9    - OPINION AND ORDER

noted that plaintiff drove herself to her appointment with Dr. Smolen and did not demonstrate anxiety during the examination. Tr. 19. Accordingly, I find no error.

Finally, plaintiff asserts error in the ALJ's failure to address a reaching limitation noted by Dr. Jensen, a state reviewing physician. In her assessment, Dr. Jensen opined that plaintiff was limited to "[o]ccasional reaching over the shoulder bilaterally due to neck pain." Tr. 492. Plaintiff is correct that the ALJ did not address this limitation or include it in her RFC findings.

The Commissioner argues that while the semiconductor bonder job requires frequent reaching and the assembler job requires occasional reaching, neither "appear" to require overhead reaching as they are defined in the Dictionary of Occupational Titles. However, absent a clear indication that neither job identified at step 5 requires more than occasional reaching, it is not appropriate for this court to make such a factual finding and deem the omission of this limitation as harmless error. Accordingly, remand is required to include this limitation in plaintiff's RFC assessment when determining whether plaintiff is capable of performing other work.

C.  Lay Witness Statement

An ALJ must consider the statements of family and friends and may reject the testimony of lay witnesses only by providing reasons

germane to each witness. <u>Lewis v. Apfel</u>, 236 F.3d 503, 511 (9th Cir. 2001). Here, the Commissioner concedes that the ALJ did not consider the lay witness statement of Jesse Obenshain, plaintiff's boyfriend. Tr. 159-68. However, the Commissioner argues that the ALJ's failure constitutes harmless error, as the statement is not inconsistent with the ALJ's RFC findings. While the Commissioner may be correct, Obenshain's lay witness statement shall be considered on remand.

## CONCLUSION

The ALJ's finding that plaintiff was not disabled within the meaning of the Act is not supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is REVERSED and REMANDED for further administrative proceedings. Specifically, the ALJ shall consider the lay witness statement of plaintiff's boyfriend and plaintiff's reaching limitation in determining whether plaintiff is able to perform other work.

IT IS SO ORDERED.

Dated this __24__ day of July, 2009.

                                        /s/ Ann Aiken
                                            Ann Aiken
                                United States District Judge

11   - OPINION AND ORDER